CERAMICA REGIOMONTANA, S.A., CERAMICAS Y PISOS INDUSTRIALES DE CULIACAN, S.A. DE C.V., AND INDUSTRIAS INTERCONTINENTAL S.A., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 88–05–00394

(Dated October 1, 1992)

MEMORANDUM OPINION AND ORDER

MUSGRAVE, *Judge:* This case comes before the Court on plaintiffs' Motion For Affirmance of the ITA's determination announced in *Final Results of Redetermination Pursuant to Court Remand.* The remand of this case to the ITA was pursuant to this Court's opinion in *Ceramica Regiomontana v. United States,* Slip Op. 92–76 (May 19,1992). Plaintiffs' motion is denied, and the case is remanded for recalculation in accordance with this opinion.

The Judgment states, "The case is remanded to the ITA to recalculate the countervailing duty rate for Ceramica Regiomontana, S.A., Industrias Intercontinental, S.A., *and all other firms without specified individual rates * * *.*" (emphasis added). Nevertheless, the remand redetermination states:

> While the Court's instructions could be interpreted as requiring the Department to recalculate the countervailing duty rate for OH International, a firm without a specified individual rate in the subject administrative review, we believe that a better interpretation is that the Court intended the Department to assign the recalculated rate to those companies which chose to challenge the final results of the subject administrative review.

*Final Results,* at 2–3.

The ITA has chosen to disregard the Court's explicit instructions for recalculating the country-wide rate, and has instead chosen to calculate company specific rates for the plaintiffs. This Court noted in its earlier opinion that

> Under the regulations, the final results of an administrative review must state the net subsidy on a country-wide basis. 19 C.F.R. § 355.22(c)(7) (1989). Thereafter, assessment and deposit of countervailing duties is to be at the country-wide rate, unless individual rates are stated for those producers that received significantly different net subsidies, or for those producers who requested individual reviews. 19 C.F.R. § 355.22(c)(10), d, f; *Countervailing Duties,* Final Rule, 53 Fed. Reg. 52,306, 52,354–55.

*Ceramica,* Slip Op. 92–76, at 12. Whether characterized as an "all-other" or a "country-wide" rate, the rate at issue in Slip Op. 92–76 applied to all companies without specified individual rates. By applying the recalculated rate only to Ceramica Regiomontana and Industrias

Intercontinental, the ITA has in effect calculated individual rates for those companies, and declined to recalculate the country-wide rate.

This case is remanded to the ITA to apply the country-wide rate of 2.63 percent *ad valorem* for the period July 1, 1984 through December 31, 1984 and 3.60 percent *ad valorem* for the period January 1, 1985 through December 31, 1985.